Jasen, J.
The defendant was tried and convicted of shoplifting on the basis of a “ hearsay ’ ’ misdemeanor complaint filed by a police detective. He was not advised at any time by the court of his right to be prosecuted by information. The issue is whether by pleading and proceeding to trial on the misdemeanor complaint defendant waived his statutory right to a trial by information.
At about 4:00 p.m. on March 4, 1972, defendant, a 44-year-old freelance writer, was observed by a store detective leaving Cimbel’s Department Store, Manhattan, with two shirts valued at $13.99 without having paid for them. The defendant passed through one set of doors and was apprehended by the store detective in a vestibule as he was about to pass through another set of doors to the street. Defendant explained that the “ whole thing was a mistake ” and asked to be allowed to put the shirts back. He was then arrested and an appearance ticket was issued.
On March 20, 1972, the return date of the appearance ticket, a misdemeanor complaint was filed in the Criminal Court of the City of New York by a police detective averring that: “ Depo *431 nant [sic] is informed by Donna Van Wagner, security officer of Grimbels Store that she observed the defendant take 2 shirts value [sic] at $13.99 from the store without paying for same and without authority or permission.” Defendant subsequently pleaded not guilty and, after several adjournments, trial was held and he was convicted of petit larceny°(Penal Law, § 155.25) and sentenced to an unconditional discharge. The conviction was unanimously affirmed by the Appellate Term and leave to appeal was granted by our court. We reverse.
The misdemeanor complaint is an accusatory instrument filed with a local criminal court charging a person with a crime. (CPL 100.10.) It serves merely as the basis for commencement of a criminal action, permitting court arraignment and temporary control over the defendant’s person where there is as yet no prima facie case. However, it is not designed for prosecution purposes and a defendant is not required to plead to a misdemeanor complaint and cannot be tried thereon unless he consents. (CPL 170.65, subds. 1, 3.) By statute, a defendant has the right to be prosecuted by information. (CPL 100.10, subd. 1; 170.65, subd. 1.) The right is substantial and takes into account a fundamental difference between these accusatory instruments — i.e., that á misdemeanor complaint may rest on hearsay allegations while an information may not. (CPL 100.40, subds. 1, 4.)
But, as noted, the right to be prosecuted by information may be waived (CPL 170.65, subds. 1, 3) and that brings us to the central question on this appeal. It is axiomatic in our jurisprudence that a waiver of a substantial right must be made knowingly and intelligently. CPL 170.10 (subd. 4) recognizes this principle, implicitly at least, by requiring that the court advise a defendant of his right to trial by information. Once appraised of this right, a defendant is then in a position to execute a knowing and intelligent waiver, if so advised. In the vast majority of cases, a defendant, aware of the witnesses and the case against him, would most likely execute a waiver. But in the absence of an effective admonition of the right to be prosecuted by information, and here there was none, a waiver or consent to prosecution by misdemeanor complaint cannot be presumed.
*432 Accordingly, the order of the Appellate Term should be reversed and the misdemeanor complaint dismissed.
Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler, Rabin and Stevens concur.
Order reversed, etc.