Irving B. Kendall, J.
A misdemeanor complaint is an accusatory instrument filed with a local criminal court charging a person with a crime (CPL 100.10). It serves as the basis for commencement of a criminal action, permitting court arraignment and temporary control over the defendant’s person where there is as yet no prima facie case.
However, a misdemeanor complaint is not designed for prosecution purposes and a defendant is not required to plead to a misdemeanor complaint and cannot be tried thereon unless he consents. (CPL 170.65, subds 1 and 3.)
By statute (CPL 100.10, subd 1; CPL 170.65, subd 1) a defendant has the right to be prosecuted by information.
This right is a substantial one and takes into account the basic difference between these accusatory instruments i.e., that a misdemeanor complaint may rest on hearsay allegations whereas an information may not. (CPL 100.40, subds 1 and 4; People v Weinberg; 34 NY2d 429, 431.)
It is elementary that an information charging a person with a crime must be supported by nonhearsay allegations which would establish the defendant’s commission of the crime charged. (People v Conoscenti, 83 Misc 2d 842, 844; People v James, 4 NY2d 482; People v Jeffries, 19 NY2d 564; People v Tennyson, 19 NY2d 573.)
In this criminal action the District Attorney served upon the defendant Francis C. Pinto a misdemeanor complaint charging him with 12 criminal conflict of interest counts in violation of sections 801 to 805 of the General Municipal Law of the State of New York and one criminal official misconduct charge in violation of section 195.00 of the Penal Law.
The defendant has pleaded not guilty to all 13 counts and therefore has put in issue the question of his guilt or innocence.
. As was his statutory right, the defendant refused to be tried on the hearsay allegations of the Frauds Bureau of the Westchester County District Attorney’s office and moved pursuant to CPL 170.65 for an order requiring the District Attorney to either file a new information containing factual rather than hearsay allegations, or to file supporting depositions which would be legally sufficient to substantiate the hearsay allegations in the complaint.
The District Attorney consented in writing to defendant’s motion by filing supporting depositions which allege in sub *305 stance that the defendant in a statement made to Assistant District Attorney Michael R Edelman in the presence of his attorney Andrew Fiore, Esq. admitted receiving payment for preparing each and every building plan which is the subject of the first 12 counts and admitted that it was his duty and function as Deputy Building Commissioner to review all building plans prior to the issuance of building permits and when the buildings or alterations were constructed it was his function and duty to inspect the work in order to determine if a certificate of occupancy should be issued.
The defendant does not argue that his conduct did not constitute a conflict of interest. He contends that it was not criminal conduct within the meaning of sections 801-805 of the General Municipal Law since he had no "interest” in a "contract” with the City of Mount Vernon within the meaning of the statutes.
Whether the defendant can prevail in his argument depends upon this court’s interpretation of the key word in section 801, namely "contract”.
Article 18 of the General Municipal Law dealing with conflicts of interests of municipal officers and employees was enacted by the New York State Legislature in 1964 to protect the public from municipal contracts influenced by avaricious officers, to protect innocent public officers from unwarranted assaults on their integrity and to encourage each community to adopt codes of ethics not in conflict with the State law.
Section 801 provides that no municipal officers "shall have an interest in any contract with the municipality” when such officer "has the power or duty to negotiate, prepare, authorize or approve the contract”.
Subdivision 2 of section 800 defines a contract as "any claim, account or demand against or agreement with a municipality, express or implied(Italics supplied.)
Subdivision 3 of section 800 defines "interest” as a "direct or indirect pecuniary or material benefit accruing to a municipal officer * * * as the result of a contract with the municipality which such officer * * * serves.”
Section 803 requires a municipal officer who has an actual or prospective interest in a contract with the municipality to publicly disclose the nature and extent of such interest in writing to the governing body as soon as he has knowledge of such actual or prospective interest.
*306 Section 805 provides that any municipal officer or employee who willfully and knowingly violates sections 801 to 804 shall be guilty of a misdemeanor.
It is defendant’s contention that he did not commit a crime by accepting moneys for preparing building plans within the meaning of section 801 since he was not involved in a contract with the City of Mount Vernon.
What is a contract?
A contract is an agreement in which a party undertakes to do or not to do, a particular thing. No contract can be demonstrated to exist without the indispensable essentials of an agreement or meeting of the minds of the contracting parties and a consideration moving to the person against whom enforcement of the asserted agreement is sought. (9 NY Jur, Constitutional Law, § 260; 9 NY Jur, Contracts, § 1.)
The definition of the word "contract” in subdivision 2 of section 800 of the General Municipal Law includes "an agreement with a municipality, express or implied”. (Emphasis supplied.)
Where was the agreement or contract with the City of Mount Vernon in which this defendant can be said to have an interest?
The answer is that an application for a building permit and the subsequent issuance thereof is a contract between the applicant and the municipality by the terms of which in consideration of the payment of a fee and the agreement on the part of the applicant to build in accordance with the plans he has filed and which have been approved and in accordance with the building code and zoning ordinances of the municipality, the municipality confers upon the applicant a valuable property right.
The defendant’s claim that the issuance of a building permit by a municipality is only an offer which need not be accepted by the applicant does not change the character of the understanding between the parties to the agreement as documented by the application for the building permit and the permit itself.
It is no argument that the holder of the building permit is under no obligation to utilize the permit. He has in fact entered into an agreement with the municipality within the meaning of subdivision 2 of section 800 of the General Municipal Law.
*307 Sections 3.201 and 3.203 of the Building Code of the City of Mount Vernon prohibit the construction, repair or alteration of a building in the City of Mount Vernon unless a written application is filed authorizing the same and a formal permit is issued.
The application is required to contain a statement by or on behalf of the property owner that the proposed work will be faithfully carried out as described in the application and as shown on the plans accompanying it; that the provisions of law and ordinances applying to the premises and to the proposed work will be complied with and that the buildings and structures affected by the application will not be used for any other purpose than as stated. Finally, the applicant for the building permit is required to sign the application and attach an affidavit that the statements in his application are true.
Section 3.208 requires the commissioner or other duly authorized authorities to examine the applications for permits and if no objection is found and "it appears that the proposed work will be in compliance with the laws and ordinances applicable thereto,” approve such application and issue a permit for the proposed work.
Section 3.213 requires that all work performed under a permit shall conform to the application and drawings and of all approved amendments thereof and section 3.214 authorizes the commissioner to revoke a permit if he finds any false statement or misrepresentation of a material fact was made in the application.
Clearly under the law of contracts the application for a building permit is an offer by an applicant to build and the issuance of a building permit by a municipality an acceptance of that offer. A contract has come into existence. (See Brown v Grant, 2 SW2d 285, 287 [Tex].)
Clearly this is a "contract” within the meaning of subdivision 2 of section 800 of the General Municipal Law and clearly the allegations in the complaint and supporting depositions are factual allegations of an evidentiary character which supplement those of the accusatory instrument and support or tend to support the charges contained therein, as required by CPL 100.20.
Clearly from a reading of the accusatory instrument and supporting depositions the defendant Francis C. Pinto is *308 charged with having an interest in a contract with the municipality of which he was Deputy Building Commissioner at the time of the alleged offenses.
I therefore sustain the 12-count complaint and respectfully deny the motion to dismiss these 12 counts.
As to defendant’s motion to dismiss the 13th count of the complaint on the ground that there is no supporting factual information which would indicate that defendant committed the crime of official misconduct, the defendant’s motion is respectfully denied.
The 13th count of the information alleges that the defendant intended to and did obtain a benefit from an unauthorized exercise of his official functions.
I find as a matter of law that acceptance by a Deputy Building Commissioner of moneys for the preparation of plans which are subject to his approval would be an unauthorized exercise of his official functions prosecutable under section 195.00 of the Penal Law.