OPINION OF THE COURT

Per Curiam.

Youthful offender adjudication rendered June 6, 1978 reversed, on the law, and the complaint dismissed.
The People have conceded that the defendant was improperly tried on a misdemeanor complaint that was never appropriately converted to an information (CPL 180.50, subd 3, par [a], cl [iii]) nor rendered capable of serving as a prosecutorial vehicle by virtue of a knowing waiver of that right (People v Weinberg, 34 NY2d 429).
This court has recently and repeatedly held that a misdemeanor complaint is a temporary instrument on which a hearing may be predicated, that it may be (and usually is) based on hearsay allegations, but that it may not form the basis for a criminal prosecution absent a knowing waiver (CPL 170.65, subd 3) or a conversion of the complaint so as to constitute a replacing information (People v Griffin, *427 NYLJ, May 12, 1978, p 5, col 1; People v Walker, NYLJ, Feb. 16, 1979, p 12, col 1; People v Alejandro, NYLJ, Jan. 18, 1979, p 6, col 5).
The matter is remitted to the trial court for the purpose of entering an order in favor of the accused pursuant to CPL 160.50, not less than 30 days after service of this order upon the respondent, with leave during this 30-day period to respondent to move and seek any further stay of the implementation of CPL 160.50 as in the interest of justice is required.
Dudley, P. J., Hughes and Tierney, JJ., concur.