OPINION OF THE COURT
Harold Beeler, J.
The issue here, of apparent first impression, is whether a defendant who enters a plea of guilty to a misdemeanor complaint thereby waives any challenge to the facial sufficiency of the accusatory instrument to which he has pleaded. More specifically, this court must determine whether the requirement in CPL 100.15 (3) and 100.40 (4) (b) that a misdemeanor complaint allege "facts of an evidentiary character” providing "reasonable cause to believe that the defendant committed the offense charged” is a jurisdictional prerequisite which cannot be waived, even by a plea of guilty.
Defendant is this case was arrested and charged with the class A misdemeanors of promoting gambling in the second degree (Penal Law § 225.05) and possession of a gambling device (Penal Law § 225.30). At his arraignment, defendant orally moved to dismiss the misdemeanor complaint on the ground that the accusatory instrument was "jurisdictionally defective” in that it failed to "allege a single fact to establish a crime was committed.” The arraignment Judge denied defendant’s motion without prejudice to his renewing the motion in writing. Immediately thereafter, following a bench confer *472 ence, defendant entered a plea of guilty to both charges in the complaint and he was released from custody, pending sentence.
On April 25, 1988, the date scheduled for sentence, defendant was granted an adjournment for the purpose of submitting a memorandum addressing the alleged facial insufficiency of the misdemeanor complaint to which he had pleaded. Defendant’s memorandum, in the form of a motion to set aside the verdict pursuant to CPL 330.30 (1), and to dismiss the complaint as facially insufficient under CPL 100.15 and 100.40, was filed on June 6, 1988.
At the outset, the court notes that defendant’s choice of procedural vehicle (i.e., a motion to set aside the verdict pursuant to CPL 330.30 [1]) is erroneous in that the determination of guilt in this case resulted from a plea of guilty, not a verdict following trial. Accordingly, in light of the fact that defendant has not yet been sentenced on his plea, this court will treat defendant’s motion as a motion to withdraw a plea of guilty pursuant to CPL 220.60 (3) and 340.20 (1). The court further notes that, because the Judge before whom defendant entered his plea of guilty is now presiding outside of New York County, both parties hereto have expressly agreed to have this, the sentencing court, decide the instant motion.
It is well settled that the decision whether to allow a defendant to withdraw his plea of guilty rests solely within the sound discretion of the trial court. (CPL 220.60 [3]; People v Frederick, 45 NY2d 520, 524-525; People v Selikoff, 35 NY2d 227, 241, stay denied 419 US 1086, cert denied 419 US 1122.) A review of the record herein reveals that, barring a possible waiver of defendant’s facial insufficiency claim as a result of his plea of guilty (discussed infra), defendant’s motions to withdraw his plea and to dismiss the accusatory instrument should be granted.
To be sufficient on its face, the factual portion of a misdemeanor complaint "must contain * * * facts of an evidentiary character supporting or tending to support the charges” (CPL 100.15 [3]), and must provide "reasonable cause to believe that the defendant committed the offense charged in the accusatory part of such instrument.” (CPL 100.40 [4] [b].)
This court concludes, as the People in their response to defendant’s motion have conceded, that the factual portion of the misdemeanor complaint in this case fails to meet the minimum sufficiency standards of CPL 100.40 (4) (b) and 100.15 (3) as to both crimes charged.
*473 In People v Dumas (68 NY2d 729) the Court of Appeals held that a misdemeanor complaint charging sale and possession of marihuana was properly dismissed as insufficient under CPL 100.15 (3) and 100.40 (4) (b) because it failed to allege "evidentiary facts” to support the police officer’s conclusion that the substance sold by defendant was actually marihuana. (Supra, at 731.)
As in Dumas (supra), the misdemeanor complaint in the case at bar is defective under CPL 100.40 (4) (b) and 100.15 (3) in that it contains only conclusory language unsupported "by evidentiary facts showing the basis for the conclusion[s]” reached. (Supra, at 731.) For example, the hearsay allegation in the misdemeanor complaint that the informant, Police Officer Reyes, observed the defendant "operating] a game of chance commonly known as the disk game,” is a mere conclusion. Absent evidentiary facts eliciting precisely what actions of the defendant constituted the alleged "operation” and, in exactly what manner such detailed conduct would create or establish any "unlawful gambling activity” (Penal Law § 225.05), the instant misdemeanor complaint does not provide reasonable cause to believe defendant committed the offense of promoting gambling (see, CPL 100.40 [4] [b]).
Likewise, the conclusion that defendant "advanced and profited” from this alleged "gambling activity” is not supported by evidentiary facts indicating that he received money or other property representing proceeds of this activity (Penal Law §225.00 [5]), or describing the conduct by which he "materially aided” the undefined "disk game.” (Penal Law § 225.00 [4].)
As to the charge of possession of a gambling device, the allegation in the complaint that the officer "recovered 3 round blue disks” from defendant, though arguably of an evidentiary character, is insufficient, by itself, to provide reasonable cause to believe defendant committed the crime charged. The added assertion, moreover, that the disks were recovered by the officer only after he had observed defendant "engaging in the above activity” merely incorporates by reference the conclusory language of the promoting gambling charge and adds nothing by way of evidentiary facts to support a finding of "reasonable cause.”
Having concluded that the misdemeanor complaint herein is in fact facially deficient under the Criminal Procedure Law and Dumas (supra), the question remains whether, as con *474 tended by the People, defendant by his plea of guilty thereby waived any challenge as to the facial sufficiency of the instrument to which he pleaded.
"A guilty plea generally represents a compromise or bargain struck after negotiation between defendant and the People. As such, it marks the end of a criminal case, not a gateway to further litigation. * * * A guilty plea not only constitutes an actual waiver of certain rights associated with a trial, but also effects a forfeiture of the right to renew many arguments made before the plea.” (People v Taylor, 65 NY2d 1, 5.)
The law is settled, however, that a guilty plea does not forfeit the right to challenge a conviction founded on a jurisdictionally defective accusatory instrument. (People v Taylor, supra, at 5; see also, People v Case, 42 NY2d 98, 100.) Of course, not every omission or defect in an accusatory instrument is sufficient to render the instrument jurisdictionally void. Accordingly, a defendant’s failure to assert a timely challenge to a defective accusatory instrument will, in many cases, result in a forfeiture of that claim. (People v Key, 45 NY2d 111, 116; People v Grosunor, 109 Misc 2d 663, 668; see also, CPL 170.30 [1] [a]; [2]; 255.20 [1].)
It is defendant’s contention that the conceded failure of the misdemeanor complaint in this case to provide factual allegations "of an evidentiary character” sufficient to establish "reasonable cause,” as required by CPL 100.15 (3) and 100.40 (4) (b), is a defect of jurisdictional proportion, the challenge to which has survived his plea of guilty. In support of his position, defendant cites the recent Court of Appeals decision in People v Alejandro (70 NY2d 133). Defendant’s reliance on Alejandro, however, is misplaced.
In Alejandro (supra), the court addressed a facial insufficiency challenge to an information charging the crime of resisting arrest (Penal Law § 205.30). The accusatory instrument in Alejandro was held to be defective for failing to comply with the CPL 100.40 (1) (c) and 100.15 (3) "prima facie case” requirement that an information establish, by nonhearsay allegations, " 'every element of the offense charged and the defendant’s commission thereof ”. (People v Alejandro, supra, at 136.)
Notwithstanding the fact that the defendant in Alejandro (supra) proceeded to trial, and was convicted, without having raised the facial insufficiency issue, the court upheld Appel *475 late Term’s dismissal of the information, concluding that the "prima facie case” requirement for informations under CPL 100.40 (1) (c) and 100.15 (3) is a jurisdictional one, and thus was not waived by defendant’s failure to raise the issue until after the completion of her trial. (Supra, at 135.)
The analysis in Alejandro (supra) of the statutory scheme established by the Legislature for determining the sufficiency of accusatory instruments reveals an unmistakable legislative purpose to distinguish the CPL 100.40 (1) (c) "prima facie case” requirement for informations from the sufficiency requirements for all other accusatory instruments. (Supra, at 136.) That this section "establishes] a specific requirement applicable to informations beyond what is required for the sufficiency of other accusatory instruments”, including the misdemeanor complaint, is at the heart of the court’s determination that the Legislature intended this "prima facie case” requirement to be of jurisdictional significance. (Supra, at 136, 138; emphasis added.)
Distinguishing an information which, to be facially sufficient must establish both "reasonable cause” and a legally sufficient, or "prima facie,” case (CPL 100.40 [1]) from a felony complaint, which need only provide "reasonable cause to believe that the defendant committed the offense charged,” (CPL 100.40 [4] [b]), the court in Alejandro (supra, at 139) noted that the requirement of the additional and " 'much more demanding standard’ ” of a prima facie case for an information is founded in a fundamental procedural distinction between the two instruments. " 'The rationale of this distinction is, in part, that the felony complaint is not the instrument of ultimate prosecution and must be followed by a grand jury proceeding and an indictment based upon legally sufficient grand jury evidence’ ”. (Supra, at 139, quoting 1968 Report of Temporary Commn on Rev of the Penal Law and Criminal Code, Introductory Comments, at xviii; emphasis added.) An information, on the other hand, is the "sole instrument upon which * * * [a] defendant could be prosecuted”, and, because it is not followed by a preliminary hearing or Grand Jury proceeding, it "must, for jurisdictional purpose, contain nonhearsay factual allegations sufficient to establish a prima facie case”. (People v Alejandro, supra, at 138.)
As with a felony complaint, a misdemeanor complaint is not ordinarily an "instrument of ultimate prosecution”. Rather, "[i]t serves merely as the basis for commencement of a criminal action, permitting court arraignment and temporary con *476 trol over the defendant’s person where there is as yet no prima facie case.” (People v Weinberg, 34 NY2d 429, 431; see also, Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 100.10, at 18; People v Smith, 128 Misc 2d 733, 734-735; People v Arturo, 122 Misc 2d 1058, 1061; People v Pinto, 88 Misc 2d 303, 304.) Like a felony complaint, "it is not designed for prosecution purposes” (People v Weinberg, supra, at 431), and a defendant charged by way of misdemeanor complaint has the right to have the complaint replaced by a jurisdictionally sufficient information. (CPL 170.65 [1]; see also, People v Weinberg, supra; People v Alejandro, supra, at 138.)
The right to be prosecuted by information, though "substantial,” can be waived; and, a defendant who so elects can be prosecuted and even tried solely on the basis of the hearsay allegations of a misdemeanor complaint. (People v Weinberg, supra, at 431; see also, CPL 100.10 [4]; 170.65 [3]; 170.10 [4] [d].) A review of the arraignment transcript in the case at bar reveals just such a waiver by the defendant herein.
After expressly waiving the "reading of the rights and charges,” including, by implication, the mandated reading by the court of the right to have the misdemeanor complaint replaced by an information (CPL 170.10 [4] [d]; People v Connor, 63 NY2d 11, 14), this defendant proceeded, through counsel, to engage in plea negotiations culminating in a plea of guilty. At no time during this process did defendant or his attorney object to the fact that the complaint to which he was pleading had not been replaced by an information. This failure to object, combined with defendant’s conduct in proceeding to dispose of the charges by entering a plea of guilty, all while competently represented by counsel, constitutes a waiver by defendant of the right to be prosecuted by information. (Supra.)
This court is of the opinion that the waiver by defendant of his statutory right to be prosecuted by information, especially where that waiver occurred in the context of a bargained-for plea of guilty, constitutes a relinquishment of his right to the jurisdictionally based protections of the "prima facie case” requirement for informations contained in CPL 100.40 (1) (c) and 100.15 (3).
The fact, moreover, that the misdemeanor complaint in this, as in all such "waiver” cases, actually becomes the "instrument of ultimate prosecution,” does not justify a finding that *477 the facial sufficiency requirements for this accusatory instrument are therefore jurisdictional in nature. As aptly noted by the court in Alejandro (supra, at 138, n 2; emphasis added), "[i]n the case of a misdemeanor complaint, the defendant does not have the protection of a preliminary hearing and Grand Jury action as with a felony complaint. However, the defendant is not required to enter a plea to a misdemeanor complaint * * *. Unless he specifically waives prosecution by information * * * the misdemeanor complaint must be replaced by an information which meets the requirement for facial sufficiency * * * and the defendant must be prosecuted thereon.”
It should be noted that the Court of Appeals decision in People v Dumas (supra) does not require a different result. The court in Dumas did not address the jurisdictional issue raised herein, and merely held that the misdemeanor complaint in that case, which contained only the "conclusion” that the substance possessed by the defendant was marihuana, with no "facts of an evidentiary character” to support that conclusion, did not meet the sufficiency requirements of CPL 100.40 and 100.15 and was therefore properly dismissed by the criminal court. (Supra.)
Further, the somewhat ambiguous comment in Dumas (supra) that the defect in question was "not a pleading defect” (supra, at 731), must be read, in light of the court’s subsequent statutory analysis in Alejandro (supra), to mean that the defect was not "of a kind that may be cured by amendment” pursuant to CPL 170.35 (1) (a), and was instead of sufficient magnitude to warrant dismissal.
Stated in another way, a defendant faced, as here, with a misdemeanor complaint which fails to meet the sufficiency standards of CPL 100.15 (3) and 100.40 (4) is not left without a remedy. CPL 170.30 (1) (a) and (2) and 170.35 (1) (a) specifically provide for dismissal on motion of a facially insufficient misdemeanor complaint, provided the motion is made within the time constraints established by CPL 255.20. Had defendant herein, instead of pleading guilty, renewed his oral motion in writing, within the time limits established by CPL 255.20, he would have been entitled to dismissal of the accusatory instrument (see, discussion supra).
Having opted instead to waive prosecution by information and enter a plea of guilty to the charges contained in the misdemeanor complaint, defendant thereby waived any chai *478 lenge to the defects contained therein. Accordingly, defendant’s motion to dismiss on facial insufficiency grounds is hereby denied. Further, inasmuch as defendant has failed to raise any additional grounds in support of his motion to withdraw his plea of guilty pursuant to CPL 220.60 and 340.20 (1), that motion must also be denied.