■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST MOORE, Appellant.—Judgment, Supreme Court, New York County (Thomas Galligan, J.), rendered February 16, 1988, convicting defendant, after a jury trial, of robbery in the third degree and sentencing him, as a second felony offender, to an indeterminate prison term of from 3½ to 7 years, unanimously affirmed.

While William Corwin was working as a pharmacist, he saw defendant take several bottles of shampoo, place them in his canvas bag and leave the store without paying for them. Corwin demanded payment and ran after defendant. Corwin grabbed the bicycle that defendant was mounting and strug-

gled to get the bottles back. Defendant would only return one of the bottles and began hitting and pushing Corwin when Corwin attempted to retrieve the other bottles. Corwin was eventually knocked to the ground, with defendant and his bicycle on top of him.

Meanwhile, the store manager and a customer came to Corwin's aid. Defendant was detained by the customer and the police arrived soon thereafter.

While defendant concedes that he stole the bottles and struggled with Corwin, he maintains that the evidence does not establish his guilt of robbery in the third degree since his use of force was intended only to protect himself from Corwin and not to retain possession of the stolen bottles. *(See,* Penal Law § 160.00.) However, viewing the evidence in the light most favorable to the People *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), the jury reasonably determined that defendant used force to retain the stolen property and thus committed a robbery. *(Cf., People v Walden,* 120 AD2d 362.)

Defendant also challenges the IAS court's *Sandoval* ruling. The court ruled that the People could elicit the convictions and underlying facts of a 1977 robbery and four petit larcenies committed between 1983 and 1987. However, the court prevented the prosecution from questioning defendant about 13 other convictions dating back as early as 1966. Under the circumstances, the court properly balanced the probative value of the evidence on the issue of defendant's credibility against the risk of unfair prejudice to him. *(People v Sandoval,* 34 NY2d 371, 375.)

Defendant maintains that his sentence is excessive. However, in light of the crime charged and the fact that defendant has maintained a persistent involvement in criminal activities, evincing a flagrant disregard for lawful behavior, we perceive no abuse of the court's discretion warranting a reduction in sentence.

Finally, while defendant maintains that he received ineffective assistance of counsel because his attorney failed to advise the People of defendant's alleged desire to testify before the Grand Jury, the record is inadequate to enable us to review said claim. In any event, it is clear, based on the evidence, that defendant's conviction was a result of the strength of the People's case and not due to the incompetence of his attorney. *(See, People v Baldi,* 54 NY2d 137, 143.) Concur—Kupferman, J. P., Sullivan, Carro and Milonas, JJ.