■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMEL BARNES, Appellant. [936 NYS2d 108]—

Defendant's challenges to the legal sufficiency of the evidence are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations.

A videotape, taken together with the testimony of the victim, established a forcible theft that began as an act of shoplifting. After stealing merchandise, defendant initially attempted to go around the victim, a store security guard. When defendant failed to get around her, he lunged forward with great force as she attempted to hold defendant and prevent him from leaving the store. As a result, defendant dragged the victim with him and banged her hand into a door, causing injury. The evidence warranted the inference that defendant was not merely attempting to evade the victim, but was using force to overcome her resistance to his retention of stolen merchandise (see People v Gonzalez, 60 AD3d 447, 448 [2009], lv denied 12 NY3d 915 [2009]; People v Tucker, 41 AD3d 210, 211 [2007], lv denied 9 NY3d 882 [2007], cert denied 552 US 1153 [2008]).

The evidence also established the element of physical injury. The victim's testimony amply supported the conclusion that her injuries caused substantial pain (see People v Chiddick, 8 NY3d 445, 447 [2007]; People v Guidice, 83 NY2d 630, 636 [1994]). Moreover, the victim's testimony was corroborated by photographs.

Defendant's remaining arguments concerning his robbery conviction are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits.

We perceive no basis for disturbing the imposition of consecutive sentences for the robbery and drug convictions.

Whether or not the payment of the surcharge could be deferred, the court properly denied the application on the sparse record here. Concur—Gonzalez, P.J., Friedman, Moskowitz, Acosta and Richter, JJ.

Motion to enlarge the record on appeal denied as academic.