14-2864-cv
*Lexjac, LLC v. Beckerman*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of June, two thousand fifteen.

PRESENT:    JOSÉ A. CABRANES,
            REENA RAGGI,
            DENNY CHIN,
                    *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

LEXJAC, LLC, RICHARD ENTEL,
            *Plaintiffs-Counter-Defendants-Appellees*,

                    v.                                    14-2864-cv

JULIANNE W. BECKERMAN, INDIVIDUALLY AND AS MAYOR OF THE INCORPORATED VILLAGE OF MUTTONTOWN, CARL JUUL-NIELSON, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY AS MEMBER OF THE BOARD OF TRUSTEES OF THE INCORPORATED VILLAGE OF MUTTONTOWN, J. RANDOLPH BARTHOLOMEW, INDIVIDUALLY AND IN THEIR OFFICIAL

CAPACITY AS MEMBER OF THE BOARD OF
TRUSTEES OF THE INCORPORATED VILLAGE OF
MUTTONTOWN, STEVEN FINE, INDIVIDUALLY
AND IN THEIR OFFICIAL CAPACITY AS MEMBER
OF THE BOARD OF TRUSTEES OF THE
INCORPORATED VILLAGE OF MUTTONTOWN, PAT
MILLER, INDIVIDUALLY AND IN THEIR OFFICIAL
CAPACITY AS MEMBER OF THE BOARD OF
TRUSTEES OF THE INCORPORATED VILLAGE OF
MUTTONTOWN,

> *Defendants-Counter-Claimants-*
> *Appellants*,

THE BOARD OF TRUSTEES OF THE INCORPORATED
VILLAGE OF MUTTONTOWN, THE INCORPORATED
VILLAGE OF MUTTONTOWN,

> *Defendants-Counter-Claimants, Cross*
> *Defendants-Appellants*,

BONNIE O'CONNELL,

> *Defendant-Counter-Claimant, Cross-*
> *Claimant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFFS-APPELLEES:      E. CHRISTOPHER MURRAY, Ruskin Moscou
                              Faltischek, P.C., Uniondale, New York.

FOR DEFENDANTS-APPELLANTS:    STEVEN G. LEVENTHAL, Leventhal, Cursio,
                              Mullaney & Sliney, LLP, Roslyn, New York.

Appeal from the United States District Court for the Eastern District of

New York (Seybert, *J.*, and Lindsay, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED**

and the case is **REMANDED**.

- 2 -

Defendants-appellants timely appeal from the September 13, 2013 judgment of the district court awarding plaintiffs-appellees $1,450,000 in compensatory damages for violation of procedural due process. We assume the parties' familiarity with the facts, procedural history, and issues on appeal, which we summarize briefly below.

## Background

This case involves a 1.1-acre parcel of land ("Smallacre") in the Village of Muttontown (the "Village") in Nassau County. In July 1969, the Planning Board of the Village approved a 28-home residential development by the developer Foreal Homes, Inc. ("Foreal"). This approval was contingent on Foreal's offer to "dedicate" Smallacre to the Village. On July 27, 1972, Foreal offered Smallacre to the Village. The Village did not accept the offer until it purported to do so, as described below, in 2007.

On December 18, 2003, Richard Entel, through his wholly owned corporation Lexjac, LLC, purchased Smallacre from Foreal for $90,000. Foreal retained a right of first refusal and an interest to one half of the proceeds of any future sale of Smallacre. On October 17, 2005, the Village Board of Trustees -- at the request of Lexjac -- formally declined Foreal's 30-year-old offer of dedication (the "2005 Resolution"). In return, Entel agreed to install "screen planting" and later offered a conservation easement in which Entel, Lexjac, and any future owner of Smallacre relinquished the

right to develop Smallacre. Entel was a member of the Board of Trustees but had recused himself from the vote.

On July 10, 2007, following a contentious mayoral election between Entel and incumbent and eventual winner Julianne Beckerman, the newly constituted Board of Trustees adopted a resolution to rescind the 2005 Resolution declining Foreal's offer of dedication, and accepted the offer of dedication (the "2007 Resolution"). The Village thereafter appropriated Smallacre.

In 2007, plaintiffs commenced this action below, alleging, *inter alia*, violations of due process and equal protection.[1] On March 18, 2011, the district court (Seybert, *J.*) granted in part plaintiffs' motion for summary judgment. In its decision, the district court concluded that the 2005 Resolution was governed by New York General Municipal Law ("NYGML") § 809 because it was not a contract. Instead, the court concluded that the 2005 Resolution "reflects a final (albeit belated) step in the Village's original approval of the subdivision plat in July 1969." (J.A. at 1598). The court also rejected the Village's argument that the 2005 Resolution was null and void

---

[1] Plaintiffs also brought suit in Nassau County Supreme Court alleging, *inter alia*, that the 2007 Resolution constituted a breach of contract, and seeking a declaration that the 2007 Resolution was a nullity and that Lexjac holds title to Smallacre, as well as damages. On March 31, 2008, the state court granted preliminary injunctions precluding the Village from entering Smallacre or intervening in its use, and precluding plaintiffs from alienating or encumbering Smallacre. The preliminary injunctions remained in effect until August 2011, when they were lifted to allow the Village to deed back Smallacre to Lexjac and to permit Lexjac to grant an easement to the Village.

pursuant to NYGML §§ 801 and 804, which provide that a "contract" with a municipality is void if a "municipal officer or employee" has an interest in the contract.

In June 2011, the district court ordered the Village to deed Smallacre back to Lexjac and Lexjac to grant a conservation easement preventing the development of Smallacre. The parties consented to the exercise of jurisdiction over the case by Magistrate Judge Arlene R. Lindsay, pursuant to 28 U.S.C. § 636(c)(1), and the case proceeded to trial on damages. On September 13, 2013, the jury returned a verdict in favor of plaintiffs in the amount of $1,450,000. Defendants filed several post-trial motions, which were denied on July 30, 2014. This appeal followed.

## Discussion

We review the district court's grant of a motion for summary judgment *de novo*. *See Scaria v. Rubin*, 117 F.3d 652, 653 (2d Cir. 1997) (per curiam).

A contract is defined under NYGML as "any claim, account or demand against or agreement with a municipality, express or implied." N.Y. Gen. Mun. Law § 800(2). The term "contract" is construed broadly. *See, e.g.*, *People v. Pinto*, 387 N.Y.S.2d 385, 388-89 (City Ct. of Mt. Vernon 1976) (defining an application for a building permit and subsequent issuance thereof as a contract). NYGML § 801 provides that no municipal officer shall have an interest in any contract with the municipality. NYGML § 809 provides that a municipal officer with an interest in an application, petition or request for a variance, amendment, change of zoning, etc., "shall state the name,

residence and the nature and extent of the interest . . . ." Any contract willfully entered into in violation of NYGML §§ 801 or 809 is null, void, and wholly unenforceable. *See* N.Y. Gen. Mun. Law § 804.

The district court erred when it concluded that the 2005 Resolution was not a contract, and that therefore it was governed by NYGML § 809, rather than NYGML § 801. The court explained that the 2005 Resolution was the "final (albeit belated) step in the Village's original approval of the subdivision plat in July 1969." Accordingly, the court concluded, because the 2005 Resolution related to an "application, petition, or request submitted for . . . approval of a plat," that it constituted a land use application under § 809, rather than a contract under § 801. *See* N.Y. Gen. Mun. Law § 809. The court then held that Entel satisfied the notice requirement by alerting the Board to his interest and recusing himself from the vote to adopt the 2005 Resolution.

The 2005 Resolution is a contract within the meaning of NYGML, and not merely a land use application. The 2005 Resolution provided that the Village would give up a valuable property interest in Smallacre in exchange for Entel's commitment to provide adequate care of Smallacre. It is well settled that the relinquishment of a valuable right in exchange for a promise of services constitutes a contract. *See, e.g., In re Transit Cas. Co.*, 79 N.Y.2d 13, 18 (1992) (noting that a valuable property right is a distinct contractual right deserving of protection); *City of Buffalo v. Chadeayne*, 7 N.Y.S.

- 6 -

501, 502 (City of Buffalo Super. Ct. 1889) (holding that defendant assumed contractual obligations by acquiring valuable property rights).

Because the district court concluded that the 2005 Resolution was not a contract, it did not consider whether the Resolution was null and void pursuant to NYGML §§ 801 and 804 notwithstanding Entel's recusal.  Accordingly, we vacate the judgment of the district court and remand the case for the district court to consider the issue in the first instance, and for further proceedings consistent with this summary order.  *See CILP Assocs., L.P. v. Pricewaterhouse Coopers LLP*, 735 F.3d 114, 127-28 (2d Cir. 2013) (exercising discretion to remand question for district court to address in first instance).

\* \* \*

In light of our disposition of this case, we do not reach the remaining issues on appeal.  Accordingly, we **VACATE** the judgment of the district court and **REMAND** the case for further proceedings.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk