■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK FURINO, Appellant. [38 NYS3d 144]—

Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered August 17, 2012, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a second felony offender, to a term of seven years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The evidence supports reasonable conclusions that defendant took merchandise from a store without paying for it, that he did so with larcenous intent, and that he used force for the purpose of retaining control of the property and not merely to defend himself (*see e.g. People v Jorge*, 71 AD3d 604 [1st Dept 2010], *lv denied* 15 NY3d 893 [2010]). Among other things, a videotape depicted defendant's movements, and his express challenge to a store employee to fight him for the merchandise demonstrated his intent to retain it by force. Although there was evidence that defendant was intoxicated, it did not show that his intoxication reached the level of negating any element of the crime (*see* Penal Law § 15.25).

Defendant did not preserve claims regarding the court's charge, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. The charge, "read as a whole . . . fairly instructed the jury on the correct principles of law to be applied" (*People v Ladd*, 89 NY2d 893, 896 [1996]).

To the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case. Concur—Friedman, J.P., Andrias, Richter, Gische and Kahn, JJ.