■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY MOODY, Appellant. [43 NYS3d 48]—

Judgment, Supreme Court, New York County (Roger S. Hayes, J.), rendered February 20, 2014, convicting defendant,

after a jury trial, of robbery in the second degree, and sentencing him, as a second felony offender, to a term of six years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]). There is no basis for disturbing the jury's credibility determinations, including its assessment of any discrepancies between the victim's trial testimony and prior statements about his level of pain.

The evidence established that defendant caused physical injury to the victim by punching him and throwing him down to the sidewalk, causing him to experience substantial pain and sustain a black eye and abrasions, scratch marks, and bruising to his neck, lip, and torso. Moreover, the victim was treated at a hospital and prescribed pain medication (*see People v Chiddick*, 8 NY3d 445, 447 [2007]; *People v Stapleton*, 33 AD3d 464, 465 [1st Dept 2006], *lv denied* 7 NY3d 904 [2006]). The victim was also unable to complete his shift later on the same day, and he testified that his pain was at its worst the next day, when he was already scheduled to be off work. The evidence established that defendant did not merely inflict "petty slaps, shoves, kicks and the like . . . out of hostility, meanness and similar motives" (*Chiddick*, 8 NY3d at 448), since he repeatedly punched a store's loss-prevention agent in the eye and neck when the agent confronted him as he attempted to leave with stolen merchandise.

The evidence also supported the inference that defendant did not merely intend to escape, but used force for the purpose of retaining stolen merchandise (*see e.g. People v Barnes*, 90 AD3d 476 [1st Dept 2011], *lv denied* 18 NY3d 991 [2012]). When confronted by the loss-prevention agent, defendant removed only one stolen item from his duffel bag, dropped the heavy bag containing the rest of the stolen items, assumed a fighting stance, asked the victim if he wanted to fight, and then started punching the victim. These facts, viewed collectively, support the inference that defendant used force for the purpose of escaping with the bag of stolen merchandise, and they fail to support an inference that he intended to relinquish the bag and depart (*see People v Moore*, 166 AD2d 246 [1st Dept 1990], *lv denied* 76 NY2d 1023 [1990]; *see also People v Furino*, 142 AD3d 871 [1st Dept 2016]). Concur—Sweeny, J.P., Renwick, Richter, Manzanet-Daniels and Kapnick, JJ.