People v Greene (2024 NY Slip Op 51240(U))

[*1]

People v Greene

2024 NY Slip Op 51240(U)

Decided on September 10, 2024

Justice Court Of The Town Of Webster, Monroe County

DiSalvo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 10, 2024
Justice Court of the Town of Webster, Monroe County

The People of the State of New York

against
Royaire A. Greene, Defendant.

Case No. 24070065 

Sandra Doorley, District Attorney, Monroe County (Elizabeth D. Buckley and Tessa Rossi [awaiting admission] of Counsel), for plaintiff. 
Julie Cianca, Monroe County Public Defender (Sara Gaylon of Counsel), for defendant.

Thomas J. DiSalvo, J.

Facts of the Case.
The defendant was charged with disorderly conduct pursuant to P.L. § 240.20 (1) on July 11, 2024 at 10:30 P.M.The accusatory instrument was executed by Webster Police Officer Jarod Barnard, who is the complainant herein. He alleges that "The defendant did knowingly and unlawfully commit the violation of Disorderly Conduct by engaging in violent and threatening behavior. The defendant took a fighting stance while engaged in a disturbance with another male in front of officers and in a public setting." Officer Barnard states in the accusatory instrument that "The above allegations are made by the Complainant herein on DIRECT KNOWLEDGE." Thus the accusatory herein is an information, which is described as a
"verified written accusation by a person, more fully defined and described in article one hundred, filed with a local criminal court, which charges one or more defendants with the commission of one or more offenses, none of which is a felony, and which may serve both to commence a criminal action and as a basis for prosecution thereof."[FN1]
Said accusatory instrument was verified pursuant to CPL § 100.30 (1) (d). That section allows for an accusatory to be verified when that instrument contains a " form notice that false statements made therein are punishable as a class A misdemeanor pursuant to section 210.45 of the penal law, and such form notice together with the subscription of the deponent constitute a verification of the instrument". Subsequent to the arraignment of the defendant, defense counsel [*2]filed omnibus motions with the court requesting, among other things, for " An order dismissing the accusatory instrument charging Defendant with the offense of Disorderly Conduct ... on the ground that pursuant to CPL §§ 170;30 (1)(a); 170.35(1)(a); 100.40(1)(b); 100.40(4)(b);100.40 (1)(c), the accusatory instrument is defective on its face."
Legal Analysis.
P.L. § 240 (1) states that "A person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof: He engages in fighting or in violent, tumultuous or threatening behavior." In reviewing the form accusatory filed with the court herein it has both an accusatory and factual part as required by CPL § 100.15 (1). The accusatory specifically designates the offense charged as mandated by CPL § 100.15 (2), to wit: Disorderly Conduct, pursuant to P.L § 240.20 (1). The defense argues in effect that the factual portion of the information does not contain a statement of the complainant alleging facts of an evidentiary character supporting or tending to support the charges, as required by CPL §100.15 (3). The defense further maintains that the factual part of the accusatory does not provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information deemed essential by CPL 100.40 (1) (b). The accusatory does not suffer from a lack of non-hearsay allegations in the factual portion, since the actions of the defendant alleged by the officer were personally observed by the officer.[FN2]

Statements of an Evidentiary Character. Nevertheless, in order for allegations in the factual portion of the accusatory to be of an evidentiary character they must not be conclusory in nature.[FN3]
(See People v. Dumas, 68, NY2d 729,731, 506 N.Y.S.2d 319,320 [1986]) In People v. Morris, 44 Misc 3d 810,816, 991 N.Y.S.2d 288,294 n [2014] the court stated "The phrase 'factual allegations of an evidentiary character' means nonconclusory descriptions of what the deponent personally observed, heard or experienced."[FN4]
The Court of Appeals has stated that [*3]"The legislative purpose of establishing a special and more stringent condition for a finding of facial sufficiency of an information, evident in CPL 100.40(1)(a), is reaffirmed in CPL 100.15, which provides for the form and content of informations as well as misdemeanor and felony complaints."[FN5]
In fact the Court of Appeals, in referring to an information which fails to set out nonconclusory allegations in the factual portion thereof, stated that
"We note that this is not a pleading defect. The misdemeanor complaint is designed to provide the court with sufficient facts for the court to determine whether the defendant should be held for further action (People v. Weinberg, 34 NY2d 429, 358 N.Y.S.2d 357, 315 N.E.2d 434). If found to be sufficient on its face, the misdemeanor complaint alone may serve as the basis for issuing an arrest warrant (CPL 120.20[1] ) and the requirement for factual allegations of an evidentiary character establishing reasonable cause should be assessed in that light."[FN6]
As previously indicated, the information herein alleges that the defendant took a "fighting stance" and was "involved in a disturbance with another male" No further account, description or portrayal of the defendant's alleged actions is provided by the complainant or by a third party in a supporting deposition.Thus the court is left to speculate as to what in fact the defendant did that was prohibited by the statute in question. In other words, the court was not provided with a description of the defendant's actions in terms of his specific body language or a description of the so-called disturbance. The fact that the language in the information requires the court to speculate as to what the defendant actually did is the very definition of a conclusory allegation.
A couple of courts have had to address defendants allegedly assuming a "fighting stance" albeit regarding whether there was sufficient evidence to convict the defendant of the offense charged. An appellate court held that there was sufficient evidence to support a conviction for harassment when the evidence elicited at trial was that the defendant "assumed a "fighting stance" by 'put[ting] up her dukes'". (People v. Price, 2003 N.Y.Slip Op. 51250 *1 [App Term 1st Dept 2003]) In another case the appellate court held that the evidence was sufficient to support a conviction for robbery in the second degree wherein the court stated that
"The evidence also supported the inference that defendant did not merely intend to escape, but used force for the purpose of retaining stolen merchandise ....When confronted by the loss-prevention agent, defendant removed only one stolen item from his duffel bag, dropped the heavy bag containing the rest of the stolen items, assumed a fighting stance [emphasis added], asked the victim if he wanted to fight, and then started punching the victim. These facts, viewed collectively, support the inference that defendant used force for the purpose of escaping with the bag of stolen merchandise, and they fail to support an inference that he intended to relinquish the bag and depart...."
[Internal citation omitted] (People v. Moody, 145 AD3d 572,573, 43 N.Y.S.3d 48,49 [*4][2016]
The common thread between these two cases is that the evidence described the actions of the defendant which neither left anything to the imagination nor did it require one to make a subjective interpretation of the body language of the defendant.
Factual Allegation Providing Reasonable Cause. The information herein alleges that the actions of the defendant took place "in front of officers in a public setting".Again the court is required to speculate as to the where the incident took place and as to who was around to witness the event. For example if a few Webster Police Officers witnessed the event in the parking lot of the Town Hall that would certainly be in a "public setting". However, if there were no other members of the public present at that time, there would be no said inconvenience to the public. Thus that situation would not satisfy the requirement that the defendant intended his actions to "cause public inconvenience, annoyance or alarm".The said accusatory does not provide any information as to who witnessed the events complained of other than it was witnessed by "officers". The Court of Appeals has held that
" As is clear from the precedent, critical to a charge of disorderly conduct is a finding that defendant's disruptive statements and behavior were of a public rather than an individual dimension. This requirement stems from the mens rea component, which requires proof of an intent to threaten public safety, peace or order (or the reckless creation of such a risk). Thus, 'a person may be guilty of disorderly conduct only when the situation extends beyond the exchange between the individual disputants to a point where it becomes a potential or immediate public problem'" (People v. Weaver, 16 NY3d 123, 128, 919 N.Y.S.2d 99, 944 N.E.2d 634 [2011] [internal quotation marks and citation omitted])." (People v. Baker, 20 NY3d 354 359-360, 960 N.Y.S.2d 704,707 [2013]).
The phrase in the accusatory herein that the incident took place in a "public setting" does not meet that standard and is a conclusory statement in and of itself.
In another case wherein the defendant was charged with disorderly conduct in violation of P.L. § 240.20 [1] the defendant moved to have said accusatory instrument dismissed as facially insufficient because he argued that it failed
"to allege that his acts had a public dimension as required to sustain a charge of PL § 240.20(1). Defendant notes that there are no allegations indicating that any bystanders or passersby were present on the street to observe defendant's actions and as such, his alleged conduct was limited between himself and the separately apprehended and unapprehended individuals. Defendant further avers that the allegation that he was observed in a fighting stance [emphasis added] swinging his closed fists towards a group of other individuals fails to make out a prima facie case of violent, tumultuous or threatening behavior. Finally, defendant contends that the information fails to establish that he possessed the requisite mens rea for the offense charged." (People v. Soriano, 50 Misc 3d 1202(A), 2015 Slip Op. 51858[U] *1 [2015])
In granting the defendant's motion to dismiss the accusatory instrument herein the court [*5]held that
"This court finds that the accusatory instrument is devoid of any allegations indicating that the fight extended beyond the individual disputants (see People v. Munafo, 50 NY2d at 331) and therefore it fails to sufficiently allege the element of public harm. Moreover, since there is no allegation that this fight occurred in a residential area, where the noise from a fight could rouse individuals from their slumber, it cannot be said that or defendant's actions created a risk of public disruption."[FN7]
The accusatory instrument herein suffers from the same deficiencies, in that it failed to include allegations in the factual part of the information that provided reasonable cause to believe the defendant committed the offense of disorderly conduct in violation of P.L. 240.20 (1) as required by CPL § 100.40 (1) (b). More specifically, the information in this case failed to allege facts that would establish, if true, one of the elements of the said offense, namely the defendant's intent to cause public harm, i.e. "inconvenience, annoyance or alarm or recklessly creating a risk thereof." 
Conclusion.
For the reasons previously set forth, the accusatory instrument is insufficient on its face, in that it failed to allege facts of an evidentiary character nor did it provide reasonable cause to believe the defendant committed the offense of disorderly conduct in violation of P.L. § 240.20 (1) as required by CPL§§ 100.15 (3) and 100.40(1) (b). Thus the motion of defense counsel to dismiss the said charge of disorderly conduct pursuant to CPL §§ 170.30 and 170.35 is hereby granted. This constitutes the decision and order of this court.
Dated: September 10, 2024
Webster, New York
Hon. Thomas J. DiSalvo
Webster Town Justice

Footnotes

Footnote 1:(CPL § 1.20 [4])

Footnote 2:(CPL § 100.40 [1] [c])

Footnote 3:( Conclusory is defined as "consisting of or relating to a conclusion or assertion for which no supporting evidence is offered." Mirriam-Webster's Collegiate Dictionary 258 [11th ed 2014])

Footnote 4:("The reason for requiring the additional showing of a prima facie case for an information lies in the unique function that an information serves under the statutory scheme established by the Criminal Procedure Law. An information is often the instrument upon which the defendant is prosecuted for a misdemeanor or a petty offense. Unlike a felony complaint (CPL 180.10), it is not followed by a preliminary hearing and a Grand Jury proceeding. Thus, the People need not, at any time prior to trial, present actual evidence demonstrating a prima facie case, as with an indictment following a felony complaint (compare, CPL 190.65 [1] [a], providing that an indictment must be supported by 'legally sufficient evidence' before the Grand Jury to establish that the defendant committed the crime, i.e., 'competent evidence, which, if accepted as true, would establish every element of the offense and the defendant's commission of it' [People v Pelchat, 62 NY2d 97, 105])." (People v. Alehandro, 70 NY2d 133,137-138, 517 N.Y.S.2d 927,930 [1987])

Footnote 5: (Alejandro at 137, 929-930)

Footnote 6:(Dumas at 730,320)

Footnote 7:(Id. at *3)