OPINION OF THE COURT
John G. Leaman, J.
The defendant’s motion to dismiss the instant case on speedy trial grounds (CPL 30.30) is granted.
*616 The instant case was commenced, for purposes of CPL 30.30, on May 6, 1995, with the filing in local court of an accusatory instrument charging the defendant with two felony counts of driving while intoxicated (DWI), and the traffic infraction of failure to keep right. Thereafter, an indictment was returned, on or about August 31, 1995, and the court (Kane, J.), by decision dated October 11, 1995, reduced the felony DWI counts to misdemeanors, and dismissed the failure to keep right charge. The People obtained a superseding indictment on November 11, 1995, which was dismissed by the court (Lamont, J.), by decision dated February 20, 1996, for the reason that the People did not comply with the requirement of CPL 210.20 to timely resubmit the matter to a Grand Jury, with the result, as determined by the court (Lamont, J.), that the original indictment, as modified in part and dismissed in part, was reinstated.
A speedy trial argument advanced by the defense at the time of its successful challenge to the superseding indictment was not accepted by the court (Lamont, J.), with the essential articulated analysis being that the time from "the commencement of the criminal action on May 6, 1995 and the People’s announcement of readiness on the superseding indictment on November 21, 1995”, while constituting some 15 days more than the statutorily relevant six months (CPL 30.30), was offset by "the 42 days from May 10, 1995 to June 21, 1995 [which] are not chargeable to the People for CPL 30.30 purposes”.
In a subsequent speedy trial application, now being decided, the defense expands its argument beyond the narrow parameters addressed heretofore by the court (Lamont, J.).
I conclude that the defense position is persuasive, and dismiss the indictment upon the ground that the prosecution was not ready for trial within six months from the commencement of the criminal action.
I accept, as law of the case, that the original indictment, as modified in part and dismissed in part, was reinstated upon the dismissal of the superseding indictment. I accept, too, as far as it went, the decision by the court (Lamont, J.), regarding the speedy trial argument advanced by the defense relative to the superseding indictment.
However, there is no law of the case relative to the basis for my decision herein.
The People concede in their answering papers that 130 days of "unreadiness” can be charged to them. They exclude the *617 entire period from November 27, 1995, when the defendant was arraigned upon the superseding indictment, on through February 20, 1996, when the superseding indictment was dismissed, a total of some 95 days, as statutorily not chargeable to them by reason of motion practice with reference to the superseding indictment.
If, as I conclude, the aforesaid 95 days are chargeable to the People as time during which they were not ready to proceed to trial, the present speedy trial motion can be decided upon the papers, without need of or benefit from a hearing, inasmuch as then, indisputably, in excess of six months of "unreadiness” for trial is chargeable to the People.
While it is true that pretrial motions and the period when they are under consideration by the court should be excluded from any computation of the time within which the People must be ready to proceed to trial (CPL 30.30 [4]), where, as in the present case, the entire span from November 27, 1995 through February 20, 1996 pertained to a superseding indictment which the People improperly obtained and which was therefore dismissed, the rationale for not charging such time to the People is substantially if not entirely vitiated. Indeed, under the circumstances of the case, the superseding indictment is appropriately viewed as void ab initia, and the mere fact that motion practice was employed to so declare it does not persuasively argue that all the intervening time between its being wrongly obtained and adhered to by the People, on the one hand, and its dismissal, on the other hand, should be viewed as an incident of motion practice. Rather, the motion practice is incident to an invalid presentation and rendition of a superseding indictment, and, as such, falls outside the intendment of statutory tolling for motion practice in the context of a defendant’s right to a speedy trial.
Upon all of the foregoing, the subject indictment is dismissed as a matter of law.