People v Maslowski (2020 NY Slip Op 06146)





People v Maslowski


2020 NY Slip Op 06146


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2018-11486
 (Ind. No. 23/18)

[*1]The People of the State of New York, appellant,
v
Bartosz Maslowski, respondent.


Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Joseph N. Ferdenzi, and Edward D. Saslow of counsel), for appellant.
Janet E. Sabel, New York, NY (Jonathan Garelick of counsel), for respondent.



DECISION & ORDER
Appeal by the People from an order of the Supreme Court, Queens County (Ronald D. Hollie, J.), dated August 3, 2018, which granted the defendant's motion pursuant to CPL 30.30 to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial.
ORDERED that the order is affirmed.
On August 5, 2016, the defendant was arraigned on a misdemeanor complaint charging him with assault in the third degree (Penal Law § 120.00[1]), a class A misdemeanor, and harassment in the second degree (Penal Law § 240.26[1]), a violation. The complaint was signed by a detective and alleged that the detective "[was] informed by the complainant . . . that [on May 15, 2016,] the defendant . . . did punch and kick [the complainant] about the face and body causing bruises." On August 26, 2016, the People filed a statement of readiness and a supporting deposition of the complainant, indicating that he had "read the accusatory instrument . . . and that the facts therein stated to be on information furnished by [him] are true upon [his] personal knowledge." On January 26, 2017, the People filed a superseding misdemeanor complaint together with a certificate of translation, stating that on January 26, 2017, the complaint and the supporting deposition were translated to the complainant in Polish.
The defendant subsequently moved pursuant to CPL 30.30 to dismiss the accusatory instrument on the ground that the People failed "to file a valid information with non-hearsay" within 90 days of the commencement of the action (see CPL 30.30[[1][b]). The defendant argued, among other things, that the complainant's supporting deposition was insufficient to convert the misdemeanor complaint into an information without an accompanying certificate of translation and that, therefore, the People's statement of readiness, made prior to January 26, 2017, was illusory. The People opposed the motion, arguing that a certificate of translation was not necessary to convert the complaint into an information and that the supporting deposition was facially sufficient inasmuch as there was no indication within the four corners of the instrument that the complainant had not read or understood it.
In an order dated November 30, 2017, the Criminal Court granted the defendant's motion, concluding that 118 days were chargeable to the People for the period between August 5, 2016, the date of the defendant's arraignment, and January 26, 2017, the date the superseding [*2]misdemeanor complaint and certificate of translation were filed, plus an additional day for a total of 119 days, which exceeded the 90-day speedy trial period under CPL 30.30(1)(b) (see CPL 30.30[1][b]; People v Maslowski, 58 Misc 3d 592 [Crim Ct, Queens County]). In reaching that determination, the court found that "every allegation of the initial accusatory instrument was hearsay" and that a certificate of translation "was a necessary prerequisite for conversion of the [complaint] to an information." The court stated that, "in later filing a [certificate of translation] along with a superseding information, the People conceded their actual knowledge, and constructive knowledge since the start of this prosecution, that the complainant was incapable of confirming the veracity and accuracy of the English-written hearsay allegations attributed to him in the accusatory instrument without the benefit of a Polish translation." The court also emphasized that a complaint filed with the New York City Police Department regarding the incident, as well as the complainant's hospital records, indicated that the complainant spoke Polish, was not proficient in English, and required an interpreter, thus "underscor[ing] the People's constructive knowledge of the complainant's lack of proficiency in English."
The People did not file an appeal from that order but, instead, presented the case to a grand jury, which returned an indictment charging the defendant with assault in the second degree, a class D felony. The defendant was arraigned on the indictment on January 31, 2018.
Thereafter, the defendant filed a second motion pursuant to CPL 30.30 to dismiss the indictment, arguing that a total of 196 days were chargeable to the People since August 5, 2016, the date the first accusatory instrument was filed, which exceeded the six-month statutory speedy trial period applicable to felonies (see CPL 30.30[1][a]). The People opposed the motion, arguing that, at most, they were chargeable with a total of 105 days since August 5, 2016, and that the Criminal Court "erroneously charged the People with 118 days of 30.30 time based on failing to file a supporting deposition with a certificate of translation."
By order dated August 3, 2018, the Supreme Court granted the defendant's motion, finding, in relevant part, that the prior determination of the Criminal Court was "the law of the case," and that the People were also chargeable with an additional 77 days, for a total of 196 days, which exceeded the speedy trial time allotted under CPL 30.30(1)(a). On appeal, the People challenge the Supreme Court's application of the law of the case doctrine, and the determination that they were chargeable for the period between August 26, 2016, and January 26, 2017.
"Law of the case is a judicially crafted policy that expresses the practice of courts generally to refuse to reopen what has been decided, [and is] not a limit to their power. As such, law of the case is necessarily amorphous in that it directs a court's discretion, but does not restrict its authority" (People v Cummings, 31 NY3d 204, 208 [internal quotation marks omitted]; see People v Evans, 94 NY2d 499, 504). "To be sure, 'the law of the case doctrine is designed to eliminate the inefficiency and disorder that would follow if courts of coordinate jurisdiction were free to overrule one another in an ongoing case'" (People v Cummings, 31 NY3d at 208, quoting People v Evans, 94 NY2d at 504). The doctrine "'contemplates that the parties had a "full and fair" opportunity to litigate the initial determination'" and "serves as 'a concept regulating pre-judgment rulings made by courts of coordinate jurisdiction in a single litigation'" (People v Bilsky, 95 NY2d 172, 175, quoting People v Evans, 94 NY2d at 502, 503). Contrary to the People's contention, it was not an improvident exercise of discretion for the Supreme Court to apply the law of the case doctrine and decline to reconsider the issue of whether the People were chargeable with 118 days for the period between August 26, 2016, and January 26, 2017 (see People v Lin Chen, 21 Misc 3d 1123[A], 2008 NY Slip Op 52153[U], *2 [Sup Ct, Kings County]; People v Osorio, 2 Misc 3d 499, 502-503 [Sup Ct, Bronx County], affd 39 AD3d 400; People v Murry, 168 Misc 2d 615, 616 [Sullivan County Ct]; see generally People v Leon, 264 AD2d 784, 785; People v Guin, 243 AD2d 649, 650).
In any event, we agree with the defendant that, under the circumstances of this case, "[w]ithout a certificate or affidavit of translation, the Criminal Court complaint could not be converted into an information" (People v Rodriguez-Alas, 65 Misc 3d 914, 923 [Crim Ct Bronx County]; see People v Zamora, 63 Misc 3d 1208[A], 2019 NY Slip Op 50443[U], *3 [Crim Ct Kings County]; People v Reyes, 60 Misc 3d 245, 249-250 [Crim Ct, Queens County]; People v Hernandez, [*3]47 Misc 3d 51, 53-54 [App Term, 2d Dept, 9th & 10th Jud Dists]; People v Benitez, 15 Misc 3d 1122[A], 2007 NY Slip Op 50798[U], *2 [Crim Ct, Kings County]; cf. Matter of Shaquana S., 9 AD3d 466, 466-467; People v Rosario, 44 Misc 3d 1204[A], 2014 NY Slip Op 51017[U] [Crim Ct, New York County]; People v Antonovsky, 41 Misc 3d 44, 47 [App Term, 2d Dept, 11th & 13th Jud Dists]; People v Maceda, 40 Misc 3d 1213[A], 2013 NY Slip Op 51174[U], *3 [Crim Ct, Queens County]). "In order for an information to be facially sufficient, it (and/or any supporting depositions accompanying it) must allege nonhearsay allegations of fact of an evidentiary character that establish, if true, every element of the offense charged" (People v Lamendola, 57 Misc 3d 153[A], 2017 NY Slip Op 51598[U], *2 [App Term, 2d Dept, 11th & 13th Jud Dists]; see CPL 100.15[3]; 100.40[1][c]). "Without a fully converted, facially sufficient information, any statement of readiness by the People is illusory and ineffective" (People v Johnson-McLean, 65 Misc 3d 1232[A], 2019 NY Slip Op 51941[U], *3 [Crim Ct, Bronx County]). Here, where the certificate of translation clearly indicated that the original complaint and supporting deposition, which were filed on August 26, 2016, were not translated for the complainant until January 26, 2017, the People's statement of readiness made prior to that date was illusory and ineffective to stop the running of the speedy trial clock (see People v Rodriguez-Alas, 65 Misc 3d at 924; cf. People v Badalov, 42 Misc 3d 1235[A], 2014 NY Slip Op 50368[U], *3 [Crim Ct, Kings County]; People v Honshj, 176 Misc 2d 170, 175-176 [Crim Ct, Kings County]).
Accordingly, inasmuch as the People were chargeable with a total of 196 days, we agree with the Supreme Court's determination granting the defendant's motion pursuant to CPL 30.30 to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial.
AUSTIN, J.P., COHEN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court