People v Sosa (2021 NY Slip Op 50519(U))

[*1]

People v Sosa (Noe)

2021 NY Slip Op 50519(U) [71 Misc 3d 140(A)]

Decided on June 4, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 4, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2018-428 Q CR

The People of the State of New York,
Appellant, 
against
Noe Sosa, Respondent. 

Queens County District Attorney (John M. Castellano, Joseph N. Ferdenzi and Edward D.
Saslaw of counsel), for appellant.
New York City Legal Aid Society (Harold V. Ferguson, Jr. of counsel), for respondent.

Appeal from an order of the Criminal Court of the City of New York, Queens County (Karen
Gopee, J.; op 58 Misc 3d 613 [2018]), dated January 25, 2018. The order granted defendant's
motion for leave to reargue the branch of his prior motion seeking to dismiss the accusatory
instrument on the ground that his statutory right to a speedy trial had been violated and, upon
reargument, granted that branch of defendant's prior motion.

ORDERED that the order is affirmed.
Insofar as is relevant to this appeal, on May 16, 2015, defendant was arraigned on an
accusatory instrument charging him with driving while intoxicated per se (Vehicle and Traffic
Law § 1192 [2]) and common-law driving while intoxicated (Vehicle and Traffic Law
§ 1192 [3]), and the People announced that they were ready. The case was then adjourned,
motion practice ensued, the People repeated their statement of readiness and a combined hearing
was held. In February 2017, defendant moved to, among other things, dismiss the accusatory
instrument on the ground that it was facially insufficient and his right to a speedy trial had been
violated. The People opposed the motion, but did not address the branch of the motion seeking
dismissal on speedy trial grounds. On April 7, 2017, the Criminal Court provided the parties with
its written order, dated March 31, 2017, which granted the branch of defendant's motion [*2]seeking to dismiss on the ground that the accusatory instrument was
facially insufficient, finding that the instrument did not contain factual allegations regarding the
element of "operation" of the motor vehicle, but stayed dismissal for 30 days so that the People
could file another accusatory instrument. On April 18, 2017, the People filed a superseding
information charging defendant with driving while intoxicated per se and common law driving
while intoxicated, and filed a statement of readiness. 
Thereafter, defendant moved for leave to reargue the branch of his prior motion seeking to
dismiss the accusatory instrument on the ground that his statutory right to a speedy trial had been
violated. Defendant argued, among other things, that since the original accusatory instrument had
been found to be facially insufficient, the People's statements of readiness were illusory, and,
thus, more than 90 days of delay were chargeable to the People. The People opposed defendant's
motion. By order dated January 25, 2018, the Criminal Court granted leave to reargue and, upon
reargument, granted the branch of defendant's prior motion seeking to dismiss the accusatory
instrument on the ground that his statutory right to a speedy trial had been violated. The court
found that three periods of time were chargeable to the People (see People v N.S., 58
Misc 3d 613 [2018]): 72 days from September 19, 2016 to November 30, 2016, "29"
(sic)[FN1]
 days from January 30, 2017 to February 27, 2017, 11 days from April 7, 2017 to April 18,
2017.

On appeal, the People contend, among other things, that the original accusatory instrument
was not jurisdictionally defective and, therefore, their statements of readiness were not illusory;
that even if that accusatory instrument was defective, their statements were not rendered illusory
thereby; and that, in any event, the Criminal Court improperly charged them with the
aforementioned time periods.

In the first instance, we note that the People have not appealed from so much of the March
2017 order finding that the original accusatory instrument was facially insufficient. Assuming,
without deciding, that we may review the March 2017 order on this appeal, we would agree with
the Criminal Court's determination that the original accusatory instrument was facially
insufficient because it did not contain allegations of fact of an evidentiary character that
establish, if true, every element of the offense charged (see CPL 100.15 [3]; 100.40 [1]
[c]; People v Jones, 9 NY3d
259, 261-263 [2007]; People v Casey, 95 NY2d 354 [2000]; People v
Alejandro, 70 NY2d 133 [1987]) in that factual allegations did not show that defendant had
operated the vehicle which is an element of each of the charged offenses.

The People were required to announce their readiness for trial within 90 days of the
commencement of the action, since the most serious offense charged was a misdemeanor
punishable by a sentence of imprisonment of more than three months (see CPL 30.30 [1]
[b]; Vehicle and Traffic Law § 1193 [1] [b]; see also People v Lomax, 50 NY2d
351, 356 [1980]). Once a defendant has shown the existence of a delay greater than 90 days, the
burden of showing that certain periods of time should be excluded falls on the People (see People v Brown, 28 NY3d
392, 403 [2016]; People v Luperon, 85 NY2d 71, 81 [1995]; People v
Cortes, 80 NY2d 201, 215-216 [1992]; People v Berkowitz, 50 NY2d 333, 349
[1980]), and the People's failure to be ready within this statutory period, or make a sufficient
showing of excludability, requires [*3]dismissal of the accusatory
instrument (see People v Berkowitz, 50 NY2d at 349). Moreover, once an action has been
commenced, it "includes the filing of all further accusatory instruments directly derived from the
initial one" (CPL 1.20 [16] [b]; see also People v Osgood, 52 NY2d 37 [1980];
People v Lomax, 50 NY2d at 358), and it is of no consequence that a prior accusatory
instrument was dismissed as jurisdictionally defective (see People v Clayton, 39 AD3d 873 [2007]). 

A statement of readiness is "presumed truthful and accurate," and the defendant has the
burden to "demonstrate that it is illusory by showing that the People were not actually ready at
the time they filed it" (People v Brown, 28 NY3d at 405-407). However, if "the original
accusatory instrument was jurisdictionally defective, any statement of readiness made by the
People was illusory because the People could not validly declare themselves ready until there
was an accusatory instrument sufficient for trial" (People v Kerins, 26 Misc 3d 127[A], 2009 NY Slip Op 52609[U],
*2 [App Term, 2d Dept, 9th & 10th Jud Dists 2009]). Even though the People cannot
properly announce ready on a defective accusatory instrument, time periods which would
otherwise be excludable pursuant to CPL 30.30 (4) remain excludable when calculating speedy
trial time (see People v Meierdiercks, 68 NY2d 613 [1986]; People v Worley, 66
NY2d 523 [1985]; People v Kerins,
26 Misc 3d 127[A], 2009 NY Slip Op 52609[U], *2; People v Dorilas, 19 Misc 3d 75, 77 [App Term, 2d Dept, 2d,
& 11th Jud Dists 2008]; People v Jones, 151 Misc 2d 582 [App Term, 2d Dept, 2d
& 11th Jud Dists 1991]).

The People argue that on September 19, 2016 and January 30, 2017 they were ready and that
defense counsel was not ready. The court file jacket does not indicate whether defense counsel or
the prosecutor were in court on those dates, or whether somebody actually requested an
adjournment. The Criminal Court's January 2018 order states that, on these dates, the People
were ready but "[b]ecause the defense was not ready, the case [matter] was adjourned to . . ." The
People did not address these time periods in their opposition to defendant's February 2017
motion to dismiss, and in their opposition to defendant's motion for leave to reargue they stated
that on September 19th, defense counsel was not ready and requested an adjournment, and on
January 30th, defense counsel was not ready and the case was adjourned. However, the People
failed to annex transcripts of the September 19th and January 30th dates to their opposition
papers.

The People bear the burden of showing that certain time periods should be excluded (see
People v Brown, 28 NY3d at 403; People v Luperon, 85 NY2d at 81; People v
Cortes, 80 NY2d at 215-216; People v Berkowitz, 50 NY2d at 349), and, contrary to
the People's argument on appeal, they failed to show that these time periods are excludable as
consent adjournments (see People v Liotta, 79 NY2d 841 [1992]; People v
Brown, 206 AD2d 326 [1994]). Consequently, the People's statements of readiness on
September 19th and January 30th were illusory and, therefore, these 72-day and 28-day time
periods are chargeable to the People.

As more than 90 days of delay was chargeable to the People, the Criminal Court properly
granted defendant's motion. 

The People's remaining contentions have no merit.

Accordingly, the order is affirmed.

ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: June 4, 2021

Footnotes

Footnote 1:This period is 28 days.