People v McNeil (2025 NY Slip Op 50553(U))

[*1]

People v McNeil (Rodney)

2025 NY Slip Op 50553(U) [85 Misc 3d 139(A)]

Decided on April 17, 2025

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 17, 2025

SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

570505/22

The People of the State of New
York, Respondent,

against

Rodney McNeil,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York,
Bronx County (Audrey E. Stone, J.), rendered April 8, 2022, convicting him, upon his
plea of guilty, of disorderly conduct (Penal Law § 240.20), and imposing
sentence.

Per Curiam.

Judgment of conviction (Audrey E. Stone, J.), rendered April 8, 2022, affirmed.

The accusatory instrument was jurisdictionally valid and properly converted into an
information upon the filing of the victim's signed supporting deposition attesting to the
truthfulness of the information supplied by her in the complaint. While the signature of
the deponent was perpendicular to the signature line, this did not render the accusatory
instrument jurisdictionally defective. The identity of the deponent was clearly indicated
on the supporting deposition, her signature was between the Penal Law § 210.45
form notice and the signature line, and the deposition indicated the date and time of the
signature (see CPL 100.30 [1] [d]).

Nor is there any indication on the face of the document that the deponent had not
read and understood what she was signing or that she was incapable of doing so (see People v Slade, 37 NY3d
127, 138 [2021], affg 63 Misc 3d 161[A], 2019 NY Slip Op 50893[U] [App
Term, 1st Dept 2019]; see generally Matter of Edward B., 80 NY2d 458 [1992];
Matter of Shaquana S., 9
AD3d 466, 466-467 [2004]). Defendant's claim that the victim is blind "cannot be
used to create a 'facial defect' otherwise undetectable on the face of the accusatory
instrument" (People v Slade, 37 NY3d at 138). Courts must "not rely on external
factors to create jurisdictional defects not evident from the face of the [accusatory
instrument]" (People v
Konieczny, 2 NY3d 569, 576 [2004]; see People v Slade at 137).

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur

Decision Date: April 17, 2025