People v Nowicki (2025 NY Slip Op 51334(U))

[*1]

People v Nowicki

2025 NY Slip Op 51334(U)

Decided on August 27, 2025

Criminal Court Of The City Of New York, Kings County

Berman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 27, 2025
Criminal Court of the City of New York, Kings County

The People of the State of New York

against
Adrian Nowicki, Defendant.

Docket No. CR-010323-25KN

Tehilah H. Berman, J.

The issue is whether a supporting deposition signed under penalty of perjury by the complaining witness that she read the accusatory instrument filed in the action and that the facts in that instrument stated on information furnished by her were true to her personal knowledge, was sufficient to convert a misdemeanor complaint to a facially sufficient information, where the factual portion of the complaint only consisted of hearsay statements and an observation that did not directly connect the defendant to the offense charged.
On March 3, 2025, defendant Adrian Nowicki ("defendant") was arraigned on a misdemeanor complaint, charging him with the following counts: 1) criminal mischief in the fourth degree [PL 145.00(1)], 2) aggravated harassment in the second degree [PL 240.30(1)(B)], 3) aggravated harassment in the second degree [PL 240.30(2)], and 4) harassment in the second degree [PL 240.26(1)]. Defendant moved to dismiss the complaint based on facial insufficiency, the illusory nature of the People's COC, and on speedy trial grounds. 
The People conceded the facial insufficiency of the second, third and fourth counts. Thus, the only remaining charge is criminal mischief in the fourth degree, PL 145.00(1). A person is guilty of this charge when having no right to do so or any reasonable ground to believe that he or she has such right, intentionally damages property of another person. PL 145.00(1).
The deponent PO Rodriguez averred in the complaint that he was informed by Ann Klimczuk ("CW" or "Klimczuk") that defendant called and texted CW repeatedly and told her that he slashed her tires. The complaint further alleges that CW observed that her vehicle's tires were slashed and that she did not give permission or authority to defendant to damage said property. CW also told PO Rodriguez that she "is able to recognize the defendant's voice and telephone number and the voice and telephone number of the above-mentioned communications does belong to the defendant." On June 2, 2025, the People filed and sent to defense counsel a supporting deposition ("SD") signed by the complainant under penalty of perjury, stating: "I, Anna Klimczuk, have read the accusatory instrument filed in this action. The facts in that instrument stated be on information furnished by me are true to my personal knowledge." A [*2]handwritten complaint report taken by police when responding to CW indicated that she was proficient in Polish but not in English. The reported further indicated that Ewa Gorska was a reporter/witness and that she was CW's sister. Appended to the the SD of CW was an Affidavit of Translation from Gorska, stating under penalty of perjury: "I, Ewa Gorska, state that I am over 18 years of age and that I am fluent in the Polish and English languages. On 5/20/25, I translated from English to Polish a complaint, order of protection, and supporting deposition for regarding the above case." 
Defendant moves for an order deeming the accusatory instrument facially insufficient pursuant to CPL §§ 100.40, 170.30(1)(a), and 170.35(1)(a). Defendant claims that the dismissal is warranted because the complaint and SD together are not sufficient on their face, they only contain uncorroborated hearsay allegations from the complainant, and because the Affidavit of Translation does not meet the requirements of CPLR 2101(b). Defendant further contends that the Affidavit of Translation was not signed by a qualified translator, did not list the qualifications of CW's sister or that she was able to adequately interpret and translate the relevant documents for the CW, and therefore did not adequately corroborate the hearsay contained in the accusatory instrument. Defendant further notes that Gorska will be a testifying prosecution witness in the case.
A misdemeanor complaint "serves merely as the basis for commencement of a criminal action, permitting court arraignment and temporary control over the defendant's person where there is as yet no prima facie case." People v. Slade, 37 NY3d 127, 136 (2021), citing People v. Weinberg, 34 NY2d 429, 431 (1974). In order to proceed with a prosecution, "a misdemeanor complaint must be replaced by an information." Slade, supra, 37 NY3d at 136. An information must designate the offenses charged [CPL § 100.15(2)], and the "factual part of such instrument must contain a statement of the complainant alleging facts of an evidentiary character supporting or tending to support the charges." [CPL § 100.15(3)]. "Every element of the offense charged and the defendant's commission thereof must be supported by non-hearsay allegations of such information and/or any supporting depositions." Id. Pursuant to CPL 100.20, a supporting deposition is a written instrument accompanying or filed in connection with a misdemeanor complaint "subscribed and verified by a person other than the complainant of such accusatory instrument, and containing factual allegations of an evidentiary character, based either upon personal knowledge or upon information and belief, which supplement those of the accusatory instrument and support or tend to support the charge or charges contained therein." The "complainant" in this context of CPL 100.20 and 100.15 means "any person having knowledge, whether personal or upon information and belief, of the commission of the offense or offenses charged." CPL 100.15.
An information is "sufficient on its face" when it substantially conforms to the requirements of CPL 100.15 [CPL 100.40(1)(a)], the factual part of the information, "together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information," [CPL 100.40(1)(b)] and the "non-hearsay allegations of the factual part of the information and/or of any supporting depositions establish, if true, every element of the offense charged and the defendant's commission thereof." [CPL 100.40(1)(c)]. See, People v. Hill, 38 [*3]NY3d 460, 463-464, 174 N.Y.S.3d 340, 195 N.E.3d 47 (2022); People v Smalls, 26 NY3d 1064, 1066, 23 N.Y.S.3d 134, 44 N.E.3d 209 (2015)]. Reasonable cause "exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it." [CPL 70.10(2)]; People v McCain, 30 NY3d 1121, 1123 (2018). "Without a fully converted, facially sufficient information, any statement of readiness by the People is illusory and ineffective." People v Maslowski, 187 AD3d 1211, 1214 (2d Dept. 2020)
The only statements in the complaint which possibly support the only remaining charge against defendant, criminal mischief in the fourth degree [PL 145.00(1)], i.e, intentionally damaging property of another person, are the following: PO Rodriguez was informed by CW that defendant told her that he slashed her tires, and that the complainant observed that her tires were slashed. However, these statements constitute hearsay because they were out-of-court statements offered for the truth of the matter asserted therein [Thomas v. Wellenreuther, 2022 U.S. App. LEXIS 9209, *8 (2d Cir. 2022); People v. Goldstein, 6 NY3d 119, 127 (2005); People v. Mastrella, 2024 NY Slip Op 51432(U), 2024 NY Misc. LEXIS 12430, *5 (Webster Town Ct. 2024)], namely, that defendant slashed the complainant's tires. The issue is whether CW's SD and Affidavit of Translation from her sister transformed the complaint into a facially sufficient information containing non-hearsay allegations which provided reasonable cause to believe that defendant committed criminal mischief. 
The"CPL does not require a certificate of translation, let alone a certificate in any particular form, to create a facially sufficient instrument," [People v. Slade, 37 NY3d 127, 139 (2021)], particularly since there is no indication on the face of the complaint or SD that the complainant did not read or understand the complaint, as translated by her sister. People v. McNeil, 2025 NY Slip Op 50553(U, 2025 NY Misc. LEXIS 2412, *1 (App. Term 1st Dept. 2025). Therefore, the Affidavit of Translation did not render the SD facially insufficient. 
However, this court finds that CW's SD was itself insufficient to convert the complaint into an information. First, CW's statement in the SD that "[t]he facts in that [accusatory] instrument stated to be on information furnished by me are true to my personal knowledge" was a mere adoption of her hearsay statement to the police officer that defendant told her that he slashed her tires, and therefore constituted hearsay. In addition, CPL 100.20 provides that a supporting deposition must be contain "factual allegations of an evidentiary character, based either upon personal knowledge or upon information and belief, which supplement those of the accusatory instrument and support or tend to support the charge or charges contained therein." "Factual allegations of an evidentiary character" means "nonconclusory descriptions of what the deponent personally observed, heard or experienced." People v. Alvarenga-Mendez, 2025 NY Slip Op 50512[U], 85 Misc 3d 1252[A], 229 N.Y.S.3d 826,, 2025 NY Misc. LEXIS 2200, *6-7 [Poughkeepsie Town Ct, Dutchess Co. 2025]. Furthermore, the factual allegations set forth in the supporting deposition must "supplement" those of the accusatory instrument, i.e., provide "additional or corroborative facts or evidentiary material which may be necessary to demonstrate a sufficient case." People v. Johnson-McLean, 71 Misc 3d 31, 37 (App. Term 1st Dept. 2021). Here, the SD was a mere adoption of statements CW furnished to the deponent police officer in [*4]the complaint. It did not contain additional or corroborative facts of an evidentiary character, much less a nonconclusory description of what she observed or experienced. 
The only statement in the complaint that was transformed from hearsay to non-hearsay was CW's observation to the police officer that her tires were slashed. However, that itself did not provide "reasonable cause" to believe that defendant committed the act since CW did not state that she observed defendant committing the act, and that information was not of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that defendant committed the offense of criminal mischief. Therefore, this court finds that the complaint and SD, taken together, are facially insufficient pursuant to CPL §§ 100.15 and 100.40(1).
The CPL 30.30 limitation period is calculated based on the most serious offense charged in the accusatory instrument and is measured from the date of commencement of the criminal action (People v Cooper, 98 NY2d 541, 543, 779 N.E.2d 1006, 750 N.Y.S.2d 258 [2002]). In this matter, the only count remaining, criminal mischief in the fourth degree [PL 145.00(1), is a misdemeanor punishable with a term of imprisonment of not more than 180 days. Pursuant to CPL 30.30 (1) (b), the People were required to announce their readiness for trial within 90 days of the commencement of the criminal action. However, the People's statement of readiness was rendered illusory because they "could not validly declare themselves ready until there was an accusatory instrument sufficient for trial." [People v. Sosa (noe), 2021 NY Slip Op 50519(U), 2021 NY Misc. LEXIS 3116, *5 (App. Term 2d Dept. 2021)]. This action commenced on March 3, 2025, when defendant was arraigned. Pursuant to General Construction Law § 20, the "number of days specified as a period from a certain day within which or after or before which an act is authorized or required to be done means such number of calendar days exclusive of the calendar day from which the reckoning is made." (See People v Chavis, 91 NY2d 500, 504, 695 N.E.2d 1110, 673 N.Y.S.2d 29 [1998]; People v Stiles, 70 NY2d 765, 767, 514 N.E.2d 1368, 520 N.Y.S.2d 745 [1987]; People ex rel. Barta v Maginley-Liddie, 227 AD3d 754, 756, 210 N.Y.S.3d 479 [2d Dept. 2024]). In excluding the date of commencement, March 3,2025, the date the People were required to their COC and SOR was June 2, 2025. Since the accusatory instrument was facially insufficient and the People have exceeded their 90 day speedy-trial time limitation, the motion to dismiss is granted. This constitutes the decision and order of the court.
Dated: August 27, 2025
Hon. Tehilah H. Berman
Judge of the Criminal Court, Kings County