People v Thomside (2025 NY Slip Op 51637(U))

[*1]

People v Thomside

2025 NY Slip Op 51637(U)

Decided on September 28, 2025

Criminal Court Of The City Of New York, Kings County

Berman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 28, 2025
Criminal Court of the City of New York, Kings County

The People of the State of New York

against
Renzil Simon Thomside, Defendant.

Docket No. CR-002876-25KN

Tehilah H. Berman, J.

On January 17, 2025, Renzil Simon Thomside ("defendant"), was arraigned on a misdemeanor complaint charging her with VTL 1192(1) and (3). A person is guilty of violating VTL 1192(1) when operating a motor vehicle while "the person's ability to operate such motor vehicle is impaired by the consumption of alcohol, " and violating VTL 1192(3) when operating a motor vehicle "while in an intoxicated condition." The complaint alleges that PO Eslam A. Elbialy ("deponent") was "informed by the defendant's own statement, in sum and substance that the guy swerved in front of me and I swerved out and hit the curb and he drove off." The complaint further alleges that the deponent observed defendant "exhibiting signs of intoxication: unsteady sway, bloodshot eyes, and a strong smell of alcohol emanating from the defendant's breath." On April 8, 2025, the People served and filed their Statement of Readiness ("SOR") and Certificate of Compliance ("COC"). The People did not file a supporting deposition. 
Defendant moved to dismiss based on facial insufficiency pursuant to CPL §§§ 100.40, 170.30(1)(a) and 170.35(1)(a). Defendant further moved for an order deeming the People's COC invalid pursuant to CPL 245.50(1) because items discoverable under CPL 245.20(1) were belatedly disclosed, and for dismissal on speedy trial grounds pursuant to CPL 170.30(1)(e) and 30.30. Defendant further moves for a state action hearing and suppression of the defendant's statements or granting a Huntley/Dunaway hearing. For the reasons set forth below, this court finds that the accusatory instrument is facially insufficient and the motion to dismiss is therefore GRANTED. This court will not address defendant's remaining applications as they are rendered moot.
A misdemeanor complaint "serves merely as the basis for commencement of a criminal action, permitting court arraignment and temporary control over the defendant's person where there is as yet no prima facie case." People v. Slade, 37 NY3d 127, 136, 148 N.Y.S.3d 413, 170 N.E.3d 1189 (2021), citing People v. Weinberg, 34 NY2d 429, 431, 315 N.E.2d 434, 358 N.Y.S.2d 357 (1974). In order to proceed with a prosecution, "a misdemeanor complaint must be replaced by an information." Slade, supra, 37 NY3d at 136. An information must designate the offenses charged [CPL § 100.15(2)], and every element of the offense charged and defendant's commission thereof must be supported by non-hearsay allegations of such information and/or any supporting depositions." [CPL 100.15(3)]. The factual part of the accusatory instrument, together with the supporting deposition which may accompany it, must provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information." [CPL 100.40(1)(b)]. Reasonable cause "exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and [*2]persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it." [CPL 70.10(2)]; People v McCain, 30 NY3d 1121, 1123, 70 N.Y.S.3d 880, 94 N.E.3d 443 (2018). "Without a fully converted, facially sufficient information, any statement of readiness by the People is illusory and ineffective." People v. Maslowski, 187 AD3d 1211, 1214, 133 N.Y.S.3d 278 (2d Dept. 2020).
Pursuant to CPL 100.20, a supporting deposition is a written instrument accompanying or filed in connection with a misdemeanor complaint "subscribed and verified by a person other than the complainant of such accusatory instrument, and containing factual allegations of an evidentiary character, based either upon personal knowledge or upon information and belief, which supplement those of the accusatory instrument and support or tend to support the charge or charges contained therein." The "complainant" in the context of CPL 100.15 and 100.20 means "any person having knowledge, whether personal or upon information and belief, of the commission of the offense or offenses charged." CPL 100.15.
The factual allegation in the complaint that the deponent was "informed by the defendant's own statement, in sum and substance that the guy swerved in front of me and I swerved out and hit the curb and he drove off" constitutes hearsay because it was an out-of-court statements offered for the truth of the matter asserted therein [Thomas v. Wellenreuther, 2022 U.S. App. LEXIS 9209, *8 (2d Cir. 2022); People v. Goldstein, 6 NY3d 119, 127, 843 N.E.2d 727, 810 N.Y.S.2d 100 (2005); People v. Mastrella, 84 Misc 3d 1213[A], 218 N.Y.S.3d 8032024 NY Slip Op 51432[U], 2024 NY Misc. LEXIS 12430, *5 [Webster Town Ct. 2024]], namely, that defendant was swerving, presumably as he was operating a motor vehicle in an impaired or intoxicated condition. This statement was not converted to non-hearsay as the People did not file a supporting deposition subscribed and verified by a person other than the complainant [here the informant PO], based upon personal knowledge, containing factual allegations which supplemented those of the accusatory instrument and which supported the charge that defendant operated the motor vehicle while in an impaired or intoxicated state. Since the complaint was not replaced by an information, this case cannot proceed to prosecution. Slade, supra, 37 NY3d at 136. Furthermore, defendant's alleged statement to the deponent that she swerved does not support a key element of VTL 1192(1) and (3), namely, operation of a motor vehicle. The complaint does not allege that the deponent observed defendant operating a motor vehicle - there is no mention of a motor vehicle whatsoever in the factual portion of the accusatory instrument. A reasonable person might conclude that defendant was on bicycle. 
Since the accusatory instrument was facially insufficient, it was jurisdictionally defective, and "the People could not validly declare themselves ready until there was an accusatory instrument sufficient for trial. People v. Sosa (noe), 2021 NY Slip Op 50519(U), 2021 M.Y. Misc. LEXIS 3116, *12 (App. Term 2d Dept. 2021). CPL 30.30 limitation periods are calculated based on the most serious offense charged in the accusatory instrument and are measured from the date of commencement of the criminal action. People v. Cooper, 98 NY2d 541, 543 (2002). In this case, the top count VTL 1192(3) (operating a motor vehicle while in an intoxicated condition) is a misdemeanor punishable by a term of imprisonment of up to one year. VTL 1193(1)(b). Pursuant to CPL 30.30(1)(b), the People were required to announce their readiness for trial within 90 days following the commencement of the criminal action on January 17,2025. However, the People's statement of readiness which they filed on April 8,2025 was rendered illusory [Maslowski, supra, 187 AD3d at 1214] and failed to toll the speedy trial clock. [*3][People v. Hill, 209 AD3d 1262, 1264 (4th Dept. 2022)]. The speedy trial clock was tolled on April 24, 2025, when the motion schedule was set. There were 97 days chargeable to the People between January 17, 2024 and April 24, 2025 and their ninety-day speedy trial period elapsed. The motion to dismiss under CPL 170.30(1)(e) is GRANTED. This constitutes the decision and order of the court.
Dated: September 28, 2025
Kings County, New York
Hon. Tehilah H. Berman
Judge of the Criminal Court